Nott, Cb. J.,
delivered the opinion of the court:
Many years ago the claimant brought his action against the United States in this court, under its general jurisdiction, upon a cause of action which is, in fact, the subject-matter of the present suit. The court decided that the contract set up in that case was void, for the reason that it “ had not been reduced to writing and signed by the parties,” and that to create a liability against the Government, in the absence of a valid express contract, the goods must not onty be received by the proper agent of the Government, but must also actually be used. (7 C. Cls. R., 437.) In the subsequent case of Salomon (19 Wall., 17) the Supreme Court held that where property is delivered to a quartermaster authorized to receive it an implied contract arises to pay the value thereof. And it is not unlikely that if the law so declared by the Supreme Court had been established before the decision in the Adams case this court would have come to a conclusion favorable to the claimant. But even if that were unquestionably the fact it would not vacate or render void the judgment of this court in the former case. That judgment stands unvacated and unreversed, and, though grounded upon a technicality, is a final judgment against the claimant, and consequently a bar against the same claim in a proceeding under the Bowman Act (22 Stat. L., 485).
As this case comes to the court by such a reference under the Bowman Act, the court has no alternative but to dismiss it for want of jurisdiction. Ford’s case (19 C. Cls. R., 519).